**Matthew A. SMITH, Plaintiff–Appellant,**

v.

**ADAMS COUNTY COMBINED COURT, CO, Defendant–Appellee.**

No. 13–1463.

United States Court of Appeals, Tenth Circuit.

Jan. 22, 2014.

Matthew A. Smith, Westminster, CO, pro se.

Before LUCERO, McKAY, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT**[*]

MICHAEL R. MURPHY, Circuit Judge.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Matthew A. Smith, proceeding *pro se,* appeals the district court's dismissal of the civil rights complaint he brought against Defendant, Adams County Combined Court. Smith asserted his civil rights were violated by the Court's rulings in a Colorado state proceeding. He sought relief in the form of monetary damages.

The United States District Court for the District of Colorado dismissed the complaint *sua sponte,* concluding it lacked subject matter jurisdiction. *See McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir.1988). Specifically, the court concluded Defendant, a state court, is entitled to Eleventh Amendment immunity and that immunity has not been waived. *See, e.g., Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam); *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir.2002).

After review of the appellate filings, the district court's order, and the entire record, we **affirm** the denial of Smith's complaint for substantially the reasons stated by the district court and conclude the appeal is wholly frivolous. Smith's motion to proceed *in forma pauperis* on appeal is **denied** and he is ordered to pay any remaining balance of the appellate filing fee.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.